# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2015 MSPB 65

Docket No. CH-0752-14-0332-I-1

**John Doe,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

December 21, 2015

J. Michael Hannon, Esquire, Washington, D.C., for the appellant.

Jay Macklin, Esquire, and Kimya Jones, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    The agency has filed a petition for review of the initial decision that reversed the appellant's removal on harmful error grounds.  For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2    The facts of this case are set forth more fully in *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶¶ 2-14 (2012).  Briefly, the appellant was an Assistant U.S. Attorney (AUSA) for the agency.  *Id.*, ¶ 2.  An AUSA is a Special-Sensitive, Level 4 position, meaning that it requires access, or affords

ready opportunity to gain access, to top secret national security information. *Id*., ¶ 3.

¶3 The agency informed the appellant that it was reassigning him to a different work unit. *Id*., ¶ 2. The appellant submitted a request for reasonable accommodation, asking not to be reassigned because it would exacerbate his anxiety disorder. *Id*. At the agency's request, he provided a letter from his psychologist in which his psychologist stated that the appellant feared that he would develop suicidal or homicidal ideation if he were reassigned. *Id*. Based on this letter, the Chief of the Personnel Security Section for the agency's Executive Office for U.S. Attorneys (EOUSA) determined that the appellant was no longer eligible to hold a Special-Sensitive, Level 4 position and that he posed an unnecessary and unacceptable operational security risk. *Id*., ¶¶ 2, 4. The agency then removed the appellant based on two charges: (1) "failure to maintain a qualification for your position"; and (2) "posing an operational security risk to the office." *Id*., ¶¶ 3-4.

¶4 The appellant filed a Board appeal and raised several affirmative defenses, including that the agency was required, but failed, to allow him to seek review before the Access Review Committee (ARC) of the determination that he was ineligible to hold a Special-Sensitive, Level 4 position. *Id*., ¶¶ 5-12. The administrative judge merged the charges, finding that they both were based on this determination and involved the same conduct. *Id*., ¶ 6. He further found that the requirement that the appellant maintain eligibility to hold a Special-Sensitive, Level 4 position was functionally equivalent to a security clearance determination. *Id*., ¶ 7. After a hearing, the administrative judge issued an initial decision affirming the removal. *Id*., ¶¶ 5-13. The appellant filed a petition for review, and the Board found that the agency committed procedural error by denying the appellant ARC review. *Id*., ¶¶ 14, 24-30. Because the Board was unable to determine whether the error was harmful, it remanded the appeal to the agency to provide ARC review in the first instance. *Id*., ¶¶ 31-33, 42.

¶5        On remand, the ARC reversed the EOUSA's determination that the appellant was ineligible to access classified information.  Initial Appeal File (IAF), Tab 22 at 62-67.  The appellant filed the instant appeal, and the administrative judge issued an initial decision reversing the removal on harmful error grounds.[1]  IAF, Tab 1, Tab 45, Initial Decision (ID).

¶6        The agency has filed a petition for review, arguing that its procedural error was not harmful because it only implicated Charge 1, and the deciding official would have removed the appellant based on Charge 2 alone.  Petition for Review (PFR) File, Tab 1 at 11-22.[2]  The appellant has filed a response, PFR File, Tab 3, and the agency has filed a reply, PFR File, Tab 4.

## ANALYSIS

¶7        Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an agency's decision to impose an adverse action if the appellant shows harmful error in the application of the agency's procedures in arriving at that decision.  *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 14 (2014).  Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶8        As the Board previously found, the agency committed procedural error by denying the appellant ARC review of the EOUSA's decision that denied him eligibility to access classified information.  *Doe*, 118 M.S.P.R. 434, ¶¶ 26-30.

---

[1] The administrative judge properly limited the scope of adjudication to the harmful error issue.  IAF, Tabs 16-17; *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶¶ 10-15 (2014).  Because the appellant waived his right to a hearing, the administrative judge made her decision on the written record.  IAF, Tab 38; IAF, Tab 45, Initial Decision at 1.

[2] On petition for review, the agency concedes that it cannot prevail on Charge 1.  PFR File, Tab 1 at 12.

The administrative judge found that the error was harmful because the ARC reversed that decision, thereby upholding the appellant's eligibility to occupy a Special-Sensitive, Level 4 position and vitiating the factual basis for removal based on the revocation of that eligibility. ID at 6-9.

¶9 On petition for review, the agency argues that the administrative judge erred in applying Board law relating to harmful error because the error only affected Charge 1, and the evidence proves that it would have removed the appellant based on Charge 2 alone. PFR File, Tab 1 at 7-8, 12-15, 19, Tab 4. Thus, it argues that its procedural error was not harmful because it did not result in a decision different from the one it would have reached in the absence or cure of the error. PFR File, Tab 1 at 11-15; *Stephen*, 47 M.S.P.R. at 685. It asserts that the merger of the charges in the first appeal is irrelevant to the harmful error analysis because whether the outcome would be different should be judged at the time it made its decision to remove the appellant. PFR File, Tab 1 at 17-19, Tab 4.

¶10 In response, the appellant argues that the agency should be judicially estopped from making this argument because it successfully argued before the administrative judge in the first appeal that the charges should be merged and that the sole issue was whether the agency properly removed the appellant for failing to maintain Special-Sensitive, Level 4 eligibility.[3] PFR File, Tab 3 at 7-8 & n.1, 10-12. The agency has not responded to this argument. PFR File, Tab 4.

¶11 For the following reasons, we agree with the appellant that the agency should be judicially estopped from advancing this argument at this stage of the

---

[3] The appellant also argues that relitigation of the merger of the charges is barred by the law of the case doctrine. PFR File, Tab 3 at 11; *see O'Connell v. Department of the Navy*, 73 M.S.P.R. 235, 240 (1997) (observing that under this doctrine a tribunal ordinarily will not revisit issues that already have been decided in an appeal). Because we decide this issue on other grounds, as discussed below, we decline to reach this alternative argument here.

appeal. "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000); *see Data General Corp. v. Johnson*, 78 F.3d 1556, 1565 (1996) (observing that a tribunal may judicially estop a party from arguing a position contrary to one that it successfully argued in an earlier proceeding).  The decision of whether to apply judicial estoppel lies within the discretion of the adjudicating court or administrative agency.  *See Data General Corp.*, 78 F.3d at 1565.  Although the test for judicial estoppel is "not reducible to any general formulation of principle," the U.S. Supreme Court has identified three factors that are generally relevant:  (1) a party's later position must be clearly inconsistent with the same party's prior position; (2) in the earlier proceeding, the party was successful in persuading the adjudicating body of its position, such that "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations omitted); *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 9 (2014).  The purpose of the doctrine is to protect the integrity of the adjudicative process.  *Kavaliauskas*, 120 M.S.P.R. 509, ¶ 9; *Tompkins v. Department of the Navy*, 80 M.S.P.R. 529, ¶ 8 (1999).

¶12      First, we find that the position that the agency is now taking is clearly inconsistent with the position that it took in the first appeal.  There, the agency argued that because "the adverse action at issue is based exclusively on the Agency's determination that the Appellant failed to maintain a security-related qualification of his position," *Doe v. Department of Justice*, MSPB Docket No. CH-0752-09-0404-I-1, Initial Appeal File (0404 IAF), Tab 68 at 7, the Board could not consider the appellant's affirmative defenses, *id*. at 5, 7.   After

succeeding in merging the charges before the administrative judge, the agency argued in response to the appellant's petition for review that the charges were properly merged because they arose out of the same security clearance determination. *Doe v. Department of Justice*, MSPB Docket No. CH-0752-09-0404-I-1, Petition for Review File, Tab 5 at 7 & n.4.

¶13       The agency now argues that the charges are "completely independent" of each other and "questions whether merger of the two charges was proper at all" because "a person might be an operational security risk without imperiling national security." PFR File, Tab 1 at 12-13, 18 n.3. Thus, when the agency hoped to benefit from the limited scope of Board review for security clearance determinations, it argued that both charges were based on the EOUSA's security clearance eligibility ruling and that they were properly merged. *See Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988) (holding that, in an appeal under 5 U.S.C. § 7513 based on the denial or revocation of a security clearance, the Board does not have authority to review the substance of the underlying security clearance determination). Only later, when it became clear that the security clearance determination was the product of procedural error, did the agency argue that Charge 1 alone was based on the EOUSA's security clearance eligibility ruling, Charge 2 was based on separate considerations, and the charges were not properly merged.

¶14       Second, we find that the agency succeeded in persuading the Board, over the appellant's objections, to adopt its earlier position. The administrative judge merged the charges and limited his adjudication of the agency's case in chief as though it were an adverse action based solely on a security clearance determination. 0404 IAF, Tab 96, Initial Decision (0404 ID) at 1-2, 8. On review, the Board found it unnecessary to determine whether it was proper to merge the charges. *Doe*, 118 M.S.P.R. 434, ¶¶ 15-16. However, the Board accepted the agency's position that this was essentially a security clearance case. It applied *Egan's* limited scope of review to the appellant's harmful error

defense, *id*., ¶ 35, found that it lacked jurisdiction over the appellant's whistleblower and disability discrimination claims because resolution of those claims would have required the Board to examine the merits of the security clearance determination, *id*., ¶¶ 39-40, and rejected the appellant's arguments concerning the removal penalty on the basis that mitigation is not appropriate in a security clearance-related appeal, *id*., ¶ 41.

¶15    The Board likewise found on interlocutory review in the instant appeal that it is not permitted to adjudicate the appellant's claims of discrimination and reprisal because his removal was premised upon a security clearance determination. *Doe*, 121 M.S.P.R. 596, ¶ 10 & n.5. Thus, the administrative judge's decision in the instant appeal was limited to the issue of harmful procedural error. ID at 6. If the Board were to rule at this stage that Charge 2 was independent from Charge 1, it would contradict the analytical framework that it previously applied to the appellant's removal appeal at the agency's request.

¶16    Third, we find that the agency would stand to impose an unfair detriment on the appellant if not estopped from relitigating the issue of merger. The agency essentially is requesting that the Board render summary judgment in its favor on review based upon a charge that was not fully adjudicated in either appeal. Summary judgment, however, is not available in Board proceedings. *Crispin v. Department of Commerce*, 732 F.2d 919, 922 (Fed. Cir. 1984); *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015) (observing that the Board has no authority to grant summary judgment on claims of discrimination). The agency also apparently is requesting that the Board forgo merits determinations on the appellant's whistleblower and disability discrimination defenses even though it now argues that the only remaining charge was not based on a security clearance determination.[4] PFR File, Tab 1 at 9, 22. The alternative would be for

---

[4] Although the administrative judge in the first appeal reached the merits of these defenses, he did so after treating the charges as merged and declining to examine the

the Board to remand this appeal for adjudication of Charge 2 under the agency's current theory, including relitigation of the appellant's affirmative defenses and the penalty. This alternative is unacceptable, not only because it would give the agency a second chance to litigate its case under a legal theory it calculatedly chose not to pursue earlier, but also because this case has already been under adjudication for more than 6½ years. *See* 0404 IAF, Tab 1. Thus, we find that the application of judicial estoppel is appropriate to preserve the integrity of the Board's adjudicative process and that the agency therefore is barred from asserting on petition for review, contrary to its prior position, that Charge 2 is independent of Charge 1 and provides a separate basis for the appellant's removal.[5] Accordingly, we affirm the administrative judge's finding that the appellant proved his claim of harmful procedural error by preponderant evidence.

## ORDER

¶17    We ORDER the agency to cancel the appellant's removal and to restore the appellant effective January 16, 2009. *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

---

merits of the agency's security clearance determination. 0404 ID at 10-15. Similarly, he limited his penalty discussion to whether reassignment was possible. 0404 ID at 8-10.

[5] The agency argues that the issue of merger is immaterial to whether the appellant proved his harmful error defense because the analysis must focus on the procedures leading up to the time that the agency made its removal decision regardless of what happened subsequently during litigation. PFR File, Tab 1 at 17-19, Tab 4. We disagree. The charges did not carry one meaning for purposes of the agency's decision and a different one for purposes of the Board's decision. Although the Board's charge analysis necessarily postdated the agency's decision, it was based on the objective meaning of the charges as urged by the agency and therefore applies with equal force to the meaning of the charges as they were pending with the deciding official. *See Gottlieb v. Veterans Administration*, [39 M.S.P.R. 606](#), 609 (1989) (finding that the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency).

¶18    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶19    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶20    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶21    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶22     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT
## REGARDING YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the U.S. Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.



| DFAS CHECKLIST |
| --- |
| **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.